UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DeVAN DANIEL,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL TASSONE and DAN DAILEY,<br><br>    Defendants. | No. 2:18-cv-03018 JAM AC (PS)<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### A. The Complaint

Plaintiff sues Paul Tassone, a police officer, and Dan Dailey, a chief of police. ECF No. 1 at 2. Plaintiff claims the officers violated his Fourth, Eighth and Fourteenth Amendment rights. Id. at 3, 10. As best the court can decipher the complaint, the claims are based on the following alleged facts. Plaintiff was pulling out of a McDonald's parking lot and was about to pull into a PG&E parking lot to sleep because he was drowsy from pain medication, when he saw police lights behind him. Id. at 5. Plaintiff got out of his car as a sign of surrender, and when officer Tassone approached, plaintiff asked if he could roll up his car window so that his dogs would not jump out. Id. Officer Tassone said he was going to shoot the dog. Id. Plaintiff was nervous, confused, and suffering mania due to his mental illness. Id. Plaintiff believes that he was pulled over for being black. Id. Plaintiff does not allege that he was arrested or that his person or vehicle was searched. It is unclear from the complaint whether or not officer Tassone actually threatened plaintiff with a weapon, and whether he actually shot or shot at plaintiff's dog.

### B. Analysis

The complaint does not contain a "short and plain" statement setting forth the basis for plaintiff's entitlement to relief, even though that is required by Fed. R. Civ. P. 8(a)(1)-(3). The exact nature of what happened to plaintiff is obscured by the complaint, which contains very limited and disjointed information.

In general, "police may make an investigative traffic stop based on 'reasonable suspicion.'" United States v. Ibarra, 345 F.3d 711, 713, n. 1 (9th Cir. 2003). If an officer does not have reasonable suspicion, there may be a Fourth Amendment violation. See Haynie v. County of Los Angeles, 339 F.3d 1071, 1075 (9th Cir. 2003). "Reasonable suspicion supported by articulable facts that criminal activity may be afoot will sustain an investigative stop." Id. (internal quotation

marks omitted) (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989).  To the extent plaintiff intends to claim his Fourth Amendment rights were violated because he was pulled over without reasonable suspicion, his complaint fails to make that claim.  Indeed, plaintiff's statements that he was driving while tired from his medications and that he was experiencing a manic episode point to the probability that the officer pulling him over indeed had reasonable suspicion to do so.

Plaintiff also mentions that he is black, and the Supreme Court has expressly stated that through the Fourteenth Amendment, "the Constitution prohibits selective enforcement of the law based on considerations such as race."  Whren v. United States, 517 U.S. 806, 813 (1996).  To make a claim for racial profiling in violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class."  Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (citation and quotations omitted).  A court may infer a Fourteenth Amendment violation where there could have been no basis for the officers' conduct other than race.  Thomas v. Melendez, No. 1:16-cv-01759-LJO-JLT, 2016 WL 7116720, at *3 (E.D. Cal. Dec. 7, 2016).  Here, plaintiff makes no factual allegations to support his conclusory assertion that he was pulled over for being black.  Without more, the bald allegation of racial motivation cannot support a constitutional claim.  Without additional facts, plaintiff's complaint does not support an inference of racial motivation.

Plaintiff's complaint is entirely devoid of allegations going to an Eighth Amendment violation.  The Eighth Amendment prohibits cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 101 (1976).  The Eight Amendment protection against cruel and unusual punishment does not apply to pre-trial detainees or to free people – it applies only after conviction and sentence.  Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Plaintiff does not allege that he was detained, let alone convicted or sentenced.  He therefore cannot state an Eight Amendment claim.

For these reasons, the complaint fails to state a claim and must be dismissed.  However, plaintiff will be given an opportunity to file an amended complaint.

////

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

The court is dismissing your complaint because as it is written, it does not state a claim for any constitutional violation.  You are being given the chance to submit an amended complaint within 30 days of this order.  If you choose to submit an amended complaint, it must clearly state who did what to you, and why you believe you should be able to get legal relief.  If you believes you were pulled over because you are black, you must provide facts that support the conclusion that the officer was racially motivated.  If you believe you were pulled over without cause, you need to explain why you believe that.  If you were arrested or convicted, you need to state those facts.  You must tell the court, in simple terms, what laws you believe were violated, who you believe violated them, and how the violations impacted you.  Without this information, you do not state a legal claim.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. The complaint (ECF No. 1), is DISMISSED because it does not contain the short and plain statement of the claim required by Rule 8(a); and
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: November 26, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE