UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DeVAN DANIEL,<br><br>Plaintiff,<br><br>v.<br><br>PAUL TASSONE and DAN DAILEY,<br><br>Defendants. | No. 2:18-cv-03018 JAM AC (PS)<br><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has been granted leave to proceed in forma pauperis ("IFP"). ECF No. 4. The initial complaint was rejected for failing to comply with the Federal Rules of Civil Procedure, and failing to state any legal claim. ECF No. 3. Plaintiff was given the opportunity to file an amended complaint. <u>Id.</u> After receiving an extension of time (ECF No. 6), plaintiff filed his First Amended Complaint ("FAC"). ECF No. 10. Because the FAC fails to correct any of the deficiencies of the original complaint, the undersigned must recommend dismissal of this case without further leave to amend.

**I. SCREENING**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v.
////

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### A. The Amended Complaint

Plaintiff sues Paul Tassone, a police officer, Dan Dailey, a chief of police, and Scott McDowell, a police officer. ECF No. 10 at 2. Plaintiff re-alleges that the officers violated his Eighth Amendment and due process rights (compare ECF No. 1 at 3), and newly alleges that his rights under the Americans with Disabilities Act were violated by defendants' discriminatory behavior. Id. at 3. Plaintiff alleges that he became drowsy on the way to a "psych" appointment after taking his morning medications, and so he followed the CalTrans/CHP directive to pull over and get rest. Id. at 4. Plaintiff attaches to his FAC a "Rio Vista Police Department Citizen Complaint Report" dated August 10, 2018. ECF No. 10 at 6-7. In this document plaintiff states he was pulled over by defendant Tassone, who asked plaintiff to get out of the car. Id. at 7. Plaintiff asked to roll up his window so that his pit bull would not jump out of the car, and Tassone responded that if the pit bull jumped out, he would shoot it. Id. Plaintiff became agitated and told defendants he was on psych meds. Id. Plaintiff did not receive a ticket. Id. at 6. The facts alleged in the FAC are substantially the same as those alleged in the initial complaint. Compare ECF Nos. 1 and 10.

### B. Analysis

The FAC again fails to state a claim upon which relief can be granted. As previously explained to plaintiff, "police may make an investigative traffic stop based on 'reasonable suspicion.'" United States v. Ibarra, 345 F.3d 711, 713, n. 1 (9th Cir. 2003). If an officer does not have reasonable suspicion, there may be a Fourth Amendment violation. See Haynie v. County of Los Angeles, 339 F.3d 1071, 1075 (9th Cir.2003). "Reasonable suspicion supported by articulable facts that criminal activity may be afoot will sustain an investigative stop." Id. (internal quotation marks omitted) (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989). To the extent plaintiff intends to claim his Fourth Amendment rights were violated because he was pulled over without reasonable suspicion, his FAC fails to make that claim, just as his initial complaint failed to make such a claim. Indeed, plaintiff's statements that he was driving while

3

tired from his medications point to the probability that the officer pulling him over indeed had reasonable suspicion to do so. In any case, the facts alleged do not support a Fourth Amendment violation.

Plaintiff's FAC is entirely devoid of allegations relevant to an Eighth Amendment violation, as was the case with his initial complaint. The Eighth Amendment prohibits cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 101 (1976). As previously explained to the plaintiff, the Eight Amendment protection against cruel and unusual punishment does not apply to pre-trial detainees or to free people – it applies only after conviction and sentence. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Plaintiff does not allege that he was detained, let alone convicted or sentenced. He therefore cannot state an Eight Amendment claim. Moreover, the FAC does not contain any facts that would support a claim of unreasonable use of force in violation of the Fourth Amendment. See, generally, Graham v. Connor, 490 U.S. 386 (1989).

Plaintiff's only new claim in his FAC is discrimination under the Americans with Disabilities Act ("ADA"). It is an open question whether the ADA applies to arrests by police officers. Discrimination against persons with disabilities by public entities is prohibited by Title II of the ADA, which commands that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff generally must show: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of her disability. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir.2007).

The ADA's anti-discrimination provision does not apply to officers in their individual capacities, because the statute by it terms applies only to entities. It is an open question whether a public entity can be liable for damages under Title II for an arrest made by its police officers.

City & County of San Francisco, Calif. v. Sheehan, 135 S. Ct. 1765, 1773–74 (2015) (noting that "only public entities are subject to Title II" of the ADA and declining to reach the applicability of the ADA to arrests). However, it is well established that compensatory damages are not available under Title II of the ADA absent a showing of discriminatory intent. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998).

Here, plaintiff cannot make out an ADA discrimination claim for numerous reasons. First, the facts as alleged do not indicate that any discrimination took place: plaintiff alleges he was driving while drowsy, was pulled over, and was ultimately not given any ticket or subject to any kind of arrest, penalty, or punishment. ECF No. 10. Further, plaintiff's allegations do not demonstrate any discriminatory intent on the part of the officer defendants, who pulled him over before learning of his disability and released him without penalty. Id. at 6-7. Plaintiff's failure to show any kind of intent with respect to discrimination based on his disability is reminiscent of his failure, in the original complaint, to demonstrate any intent as to racial discrimination. ECF No. 3 at 4. Plaintiff was informed in the court's prior screening order that he need to allege facts sufficient to demonstrate discriminatory intent. Id. Although plaintiff's FAC changes the basis for alleged discrimination to his disability, plaintiff again has entirely failed to plead facts showing any discriminatory intent. The facts alleged in the initial complaint and the FAC are essentially identical. For these reasons, plaintiff has failed to state an ADA claim.

## II. AMENDMENT IS FUTILE

Ordinarily, pro se plaintiffs are given the opportunity to amend a complaint that fails to state a claim. Noll, 809 F.2d at 1448. However, leave to amend need not be granted where it is clear that amendment would be futile. Id. Here, plaintiff has already had one opportunity to amend, with clear instructions on how to present a complaint that could pass screening. ECF No. 3. Despite ample time to file an amended complaint, plaintiff presented the court with an amended complaint that contains the same facts and the same deficiencies as the original complaint. Because plaintiff's FAC demonstrates that he has alleged the facts available to him, and those facts to do not support a legal claim, providing another opportunity to amend would be futile and an inefficient use of court resources.

### III. CONCLUSION

In light of the foregoing, it is hereby RECOMMENDED that this case be dismissed in its entirety and without leave to amend for failure to state a legal claim pursuant to Fed. R. Civ. P. 12(b)(66).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 26, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE